MAXCY, Respondent, vs. McCORD, imp., Appellant.

*February 2—February 23, 1904.*

*Jurisdiction: Residence: Service of process outside of state: Effect: Judgment for costs: Construction.*

1. In an action against a non-resident, the court has no jurisdiction of the person to enable it to render a money judgment for costs, where such defendant is served with process only outside its territorial jurisdiction.

2. In an action on a tax deed to bar former owners, judgment was by default that defendant McC. (who was personally served in Idaho, pursuant to order for service outside the state), and O. (who was personally served in Wisconsin), be forever barred from all right in the described lands, "and that plaintiff have his costs and disbursements in this action, taxed at," etc. *Held,* that reference to the record disclosed affirmatively that the judgment for costs could not be construed as personally enforceable against McC., and hence was not prejudicial as to him.

WINSLOW and MARSHALL, JJ., dissent.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action on tax deed to bar former owners against appellant, *McCord,* and Ogilvie. The latter was served personally in Wisconsin. The appellant, being nonresident, was personally served in Idaho, pursuant to order for service outside the state. Judgment was by default that *W. E. McCord* and S. C. Ogilvie, and all persons claiming under them, "be-

and they are hereby, forever barred from all right [in described lands], and that the plaintiff have his costs and disbursements in this action, taxed at $45.95." The defendant *McCord* appeals from "that part of the judgment giving the plaintiff costs against said defendant."

The cause was submitted for appellant on the brief of *Luse, Powell & de Forest,* and for respondent on that of *A. W. McLeod.*

DODGE, J.    Appellant insists that, having been served with process only outside its territorial jurisdiction, the court had no jurisdiction of his person to enable it to render a money judgment against him for costs. This is undoubtedly correct.    *Pennoyer v. Neff,* 95 U. S. 714, 24 L. Ed. 565; *Jarvis v. Barrett,* 14 Wis. 591; *Moyer v. Koontz,* 103 Wis. 22, 24, 79 N. W. 50; *Zimmerman v. Gerdes,* 106 Wis. 608, 82 N. W. 532. We fail, however, to find any personal judgment against the appellant in the record.    The judgment quoted in the statement of facts merely declares that the plaintiff shall have the specified sum as costs, but does not declare the person from whom he is to recover. Such judgment may not be invalid, but, if valid against any one, it can only be so because helped out by the record showing the person who is so liable. When, however, we refer to that record, it discloses affirmatively that another person is liable, and that the appellant is not. An ambiguous judgment must, if reasonably possible, be so construed as to exclude error. This judgment, not in terms awarding recovery of costs against appellant, cannot have such error imported into it by construction. We are satisfied, in the light of such record, that the judgment appealed from could never be construed as personally enforceable against this appellant; hence that no error prejudicial to him lurks therein.

*By the Court.*—Judgment affirmed.

WINSLOW, J.  In my opinion, a judgment like the present one, which adjudges that the plaintiff have certain specified relief against two defendants (naming them), and that he have his costs, means that he have his costs of the defendants. so named, or else it means nothing.  It must be a judgment against both or neither.  There. is no more warrant for saying that it was intended to be a judgment against Ogilvie alone than there is for saying that it was intended to be a judgment against *McCord* alone.  The same equitable relief was claimed and obtained against both.  In my own opinion, it. is an unqualified and unambiguous judgment against both defendants.  I have little doubt but that the clerk of the court has so construed it, and docketed the judgment against both.  If this be the case, then the appellant is obliged by this judgment to pay costs, although he is, to all practical intents and purposes, the prevailing party.  He has been re- . lieved from an unauthorized judgment standing against him on the records of the trial court, but has been obliged to pay costs to the party responsible for the entry of the judgment. I think the judgment appealed from should be reversed as. to the appellant.

MARSHALL, J.  I concur in the views expressed by Justice WINSLOW.