[Civ. No. 5372.  First Appellate District, Division One.—July 31, 1925.]

NATHAN P. LEVIN, Petitioner, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Respondents.

[1] MEDICAL PRACTICE ACT—ISSUANCE OF RECIPROCITY LICENSE—CERTIFICATE FROM MEDICAL COLLEGE EQUIVALENT TO DIPLOMA—STATUTORY CONSTRUCTION—DISCRETION.—A person, licensed to practice medicine under the laws of a sister state, and applying for a reciprocity license to practice medicine and surgery in this state, in legal contemplation was possessed of a diploma from a medical college at the time he was permitted to take his examinations before the Board of Medical Examiners of said sister state, where he, at said time, presented to said Board a certificate from said college showing that he had passed his final examinations and was therefore entitled as a matter of right to a diploma; and where a diploma was in fact issued to him before he was granted his license, to say that he was not possessed of a diploma entitling him to take his examinations before the Board of Medical Examiners of said sister state would be to put a narrow construction upon our Medical Practice Act, which requires the filing of a diploma prior to the taking of examinations; and it is an abuse of discretion on the part of the Board of Medical Examiners of this state to deny such reciprocity license upon the

ground that the certificate presented to the Board of Medical Examiners of said sister state was not in fact a diploma.

[2] ID.—STATUTORY CONSTRUCTION.—The Medical Practice Act should receive a reasonable construction, and the spirit and reason should prevail over the letter.

[3] ID.—DISCRETION—MANDAMUS.—While ordinarily the action of an officer clothed with a discretion is not reviewable if exercised upon matters left to his discretion, yet where the discretion is abused, and made to work injustice, it may be controlled by *mandamus.*

(1) 30 Cyc., p. 1559, n. 8.    (2) 30 Cyc., p. 1549, n. 27.    (3) 38 C. J., p. 675, n. 22.

PROCEEDING in Mandamus to compel Board of Medical Examiners to issue reciprocity license.    Writ granted.

The facts are stated in the opinion of the court.

Frederick W. Kant for Petitioner.

A. B. Bianchi for Respondents.

TYLER, P. J.—Petition for mandate to compel respondents, the Board of Medical Examiners, to issue to petitioner a license entitling him to practice medicine and surgery in the state of California.

Petitioner alleges that he is a duly licensed and practicing physician and surgeon of the state of Michigan, where he was licensed to practice medicine on the twenty-seventh day of June, 1907, after fully complying with all of the requirements of the Board of Medical Examiners of that state.

That he practiced medicine continuously in the state of Michigan from the date of the issuance of his license up to and including the month of July, 1924, except for a period of approximately one year, at which time he was a resident physician in a hospital in the city of Denver, state of Colorado.

It further alleges that petitioner has presented satisfactory credentials concerning his practice to the Board, which Board acknowledges are sufficient to establish the fact that petitioner is of good moral character and that he has had

3. *Mandamus* to compel action of medical board, 20 L. R. A. 355.  See, also, 16 Cal. Jur. 809; 18 R. C. L. 126.

no charges preferred against him nor controversies during his practice in relation to the same; that petitioner is a graduate of the Detroit College of Medicine of the class of 1907, at which time such institution was a member of the Association of the American Medical Colleges, and has always been rated "Class A" by the American Medical Association, and that such college fully complied with the standards set by law of the state of California in 1907, and ever since has complied with such standards.

It is then recited that in accordance with section 13 of the Medical Practice Act of the state of California (Stats 1913, p. 730), the petitioner applied to the Board of Medical Examiners of the state of California for the issuance of a certificate to practice medicine in said state and that he paid a registration fee of $100 in accordance with the terms of said section; that he produced the certificate entitling him to practice medicine issued by the Board of Medical Examiners of the state of Michigan, and proved to the satisfaction of the Board that he was the person named in said certificate and that it was issued to him in the year stated; that the requirements of the Detroit College of Medicine from which the petitioner was graduated, and the requirements of the Board of Medical Examiners of the state of Michigan, which Board was legally authorized to issue such certificate permitting petitioner to practice medicine, was not in any degree or particular less than those which are required for the issuance of a similar certificate to practice medicine in the state of California at the date of the issuance of said certificate. Petitioner also furnished respondents with satisfactory evidence showing that the requirements of the Detroit College of Medicine, which issued the certificate to petitioner, were up to the standard set by the California Board. ·

It is then charged that respondents found that the requirements of the Board issuing such certificate were not, when said certificate was issued, in any degree or particular less than the requirements provided for by the law of the state of California at such date and that petitioner had been a resident of the state from which the application is based for a period of one year subsequent to the issuance of such certificate, but notwithstanding these facts the Board refused petitioner a license to practice in this state solely upon the ground that the certificate which he presented to the Board

of Medical Examiners of the state of Michigan upon entering the examination in that state was not in fact a diploma.

Petitioner then alleges that he had taken a full course at the Detroit College of Medicine and was on the twenty-fourth day of May, 1907, given a certificate by the secretary of that college stating in substance that petitioner had passed his final examinations at said college; and would be recommended to the trustees of such college for graduation; that petitioner presented his certificate to the Board of Medical Examiners of the state of Michigan on May 27, 1907; that on May 30th following, at a conference of the examiners of the Detroit College of Medicine petitioner received a diploma from such college conferring upon him the degree of doctor of medicine. Upon the filing of the application an alternative writ was issued by this court. Respondents appeared and demurred and answered. From the answer it appears that petitioner filed a class C application for reciprocity with the respondent Board on the eighth day of June, 1925, petitioning said Board for a reciprocity license to practice medicine and surgery in the state of California, under and by virtue of section 13 of the Medical Practice Act of this state; that the application was made and based upon a license and certificate to practice medicine and surgery in the state of Michigan, which license was dated, made and issued on the twenty-seventh day of June, 1907; that the application certified that the Michigan license was procured on a written examination taken and had on the twenty-seventh, twenty-eighth and twenty-ninth days of May, 1907, and that said petitioner was admitted to said written examination on the degree and diploma of doctor of medicine issued by the Detroit College of Medicine and Surgery on the thirtieth day of May, 1907.

It is admitted that the Detroit College of Medicine is a member of the Association of American Medical Colleges and is classified by the American Medical Association as "Class A" and its graduates are and have been admitted to practice in the state of California at all times upon the diploma issued by it. They deny, however, that petitioner had received such a diploma at the time he presented himself for examination before the Board of Medical Examiners of the state of Michigan, and the act of said Board in subsequently admitting petitioner to practice adopted a standard less

than that required by the laws of this state, which justified them in refusing to issue petitioner the reciprocity license applied for. In this connection it appears from the answer to the petition that petitioner in support of his declaration that he had received a diploma of the Detroit College of Medicine also presented to respondent Board a document issued by the secretary of the Detroit College of Medicine informing petitioner that he had passed his final examinations by the faculty and would be recommended to the board of trustees for graduation.

It was upon this certificate that petitioner was permitted to take his examinations before the Board of Medical Examiners of the state of Michigan. It further appears, however, that at the time petitioner herein presented himself to the Board last mentioned the college had not issued diplomas to its graduates, but that they were in fact issued a few days later on the thirtieth day of May, 1907, and prior to the time petitioner was given his certificate to practice medicine and surgery in the state of Michigan.

[1] The sole question here presented, therefore, is whether or not petitioner in legal contemplation was possessed of a diploma from the medical college mentioned at the time he was permitted to take his examinations before the Board of Medical Examiners of the state of Michigan.

If the act of such Board permitting him to take the examinations before his diploma could be actually made out and issued to him constituted the maintaining of a standard not equal to this state, then petitioner is not entitled to the relief sought. If, on the other hand, the possession by him of the certificate and the subsequent issuance to him of his diploma was to all legal intents and purposes the possession by him of a diploma, then it is conceded petitioner is entitled to a license on reciprocity and it should be issued to him. To state the question is to answer it. The certificate was to all intents and purposes the equivalent of a diploma. It certified that petitioner had passed his final examinations and he was therefore entitled as a matter of right to a diploma. (*Nelson* v. *Lincoln Medical College,* 81 Neb. 533 [17 L. R. A. (N. S.) 930, 116 N. W. 294].)

Moreover, the diploma was in fact issued to him before he was granted his license. To say that under such circumstances he was not possessed of a diploma entitling him

to take his examinations would be to put a narrow construction upon our statute, which requires the filing of a diploma prior to the taking of examinations. .

[2] The statute should receive a reasonable construction, and the spirit and reason should prevail over the letter.

We are, therefore, of the opinion that petitioner is entitled to the relief sought.

[3] While ordinarily the action of an officer clothed with a discretion is not reviewable if exercised upon matters left to his discretion, yet where the discretion is abused, and made to work injustice, it may be controlled by *mandamus*. In this case we think the Board acted arbitrarily and abused its discretion.

Let the writ issue.

Cashin, J., and Knight, J., concurred.