SCHULTZ and another, Respondents, vs. SCHULTZ and another, Appellants.*

*November 29—December 30, 1949.*

* Motion for rehearing denied. with $25 costs, on March 7, 1950.

140

For the appellants there was a brief by *Eberlein & Eberlein* and *Winter & Koehler,* all of Shawano, and oral argument by *Frederick C. Eberlein.*

For the respondents there was a brief by *David H. Winter* and *Fischer, Brunner & Strossenreuther,* all of Shawano, and oral argument by *L. J. Brunner* and *David H. Winter.*

HUGHES, J. If the judgment is *in personam,* it must be held invalid because no jurisdiction was obtained over the appellants.

The respondents contend that the proceedings were sufficient *in rem* and rely upon previous decisions of this court.

In *Jarvis v. Barrett* (1861), 14 Wis. *591 (syllabus), it is said:

"By the service of summons by publication pursuant to the statute, *without* a seizure of property by attachment, the courts of record of this state may acquire jurisdiction in an action upon contract so as to pronounce a judgment against a nonresident defendant, which shall be effectual and binding as against his property which was within the state at the time the order of publication was made, and is not removed from the state or sold to a purchaser in good faith before the judgment is rendered.

"The essential fact upon which such jurisdiction is made to depend is, *property* of the defendant in this state, and not its seizure upon attachment, and that fact, *it seems,* may at

any time be inquired into for the purpose of impeaching the jurisdiction.

"Such a judgment is effectual only against the property specified in the affidavit on which the order of publication is based, or, at most, only against such as is within the jurisdiction of the court while the action is pending and when the judgment is pronounced.

"If the creditor desires to guard against the contingency of a sale or removal of the property before he can obtain a lien by judgment or by means of execution, he may take the attachment also; and if he omits to do so, and the property is in the meantime removed from the state or sold to a purchaser in good faith, the judgment will be fruitless."

In *Winner v. Fitzgerald* (1865), 19 Wis. *393, *396, *397, the court, considering the question, said:

"Ordinarily in actions *in rem* there is both possession and *lien* before judgment. The property is seized by virtue of a writ of attachment. This is not, however, the only mode of creating or acquiring a lien. Liens are given in many cases by the common law and by statute, which courts enforce against the property of nonresident defendants. The legislature might have provided that the commencement and pendency of the action should create a lien on the real estate, and perhaps on the personal property of the defendant within the jurisdiction of the court. The statute, if valid, clearly authorizes an action and judgment against a nonresident defendant, who neither appears nor is served with process except by publication of the summons, and whose property is not, nor is any of it, in *the actual or constructive possession of the court,* nor has the plaintiff any *lien* thereon, or any right, title or interest in or to it. I am inclined to the opinion that such a suit is not a proceeding *in rem,* and that the statute authorizing it is void; or rather that proceedings under it are of no validity unless a writ of attachment follow the summons, and the defendant's property is actually seized before the judgment is rendered. But this is not the opinion of the court. The majority of the court hold, as in *Jarvis v. Barrett,* 14 Wis. *591, that the statute is valid, and that the judgment rendered in actions under it is good as against the property specified or particularly described in the affidavit.

They also hold that in the affidavit the property of the defendant within this state must be so described that the officer signing the order of publication may be able to see that it is such property as is liable to be seized on attachment or execution, *and unless it is so described the proceeding is void. It not being so described in this case, the order of the court below is reversed, with costs, with directions to vacate the judgment."*

Respondents cite *Closson v. Chase* (1914), 158 Wis. 346, 352, 353, 149 N. W. 26, where the point was made that the writ of attachment was issued before the summons. The court said:

"There are two good answers to that. First it is evident that the so-called second issuance of the summons was only a second placing in the hands of the sheriff for service. Second. The issuance of a writ of attachment and levy upon property thereunder is not essential to competency to make service on a defendant by publication. *Gallun v. Weil,* 116 Wis. 236, 92 N. W. 1091. The statutory requisite of property of the defendant within this state, existing and duly brought to the attention of the court, is all that is necessary in respect to the property feature. Such an action is regarded as one *in rem.* The judgment when rendered is good only against the property described in the moving papers. It is sufficient even if the property be nonattachable, if it yet be such as can be judicially reached in some way and subjected to payment of the debt sought to be collected. It is the res within the jurisdiction of the court that is essential to jurisdiction, not actual seizure of it, or even constructive seizure, unless description of the property in the moving papers and recorded purpose of the plaintiff to burden it with payment of the debt should be regarded as such seizure. *Jarvis v. Barrett,* 14 Wis. *591; *Winner v. Fitzgerald,* 19 Wis. *393; *Disconto Gesellschaft v. Umbreit,* 127 Wis. 651, 106 N. W. 821."

*Disconto Gesellschaft v. Umbreit* (1906), 127 Wis. 651, 106 N. W. 821, does not apply to the question presently before the court because the plaintiff was an alien who sought

to invoke the jurisdiction of the court to enforce a transitory right of action and it was there held that his right to invoke the jurisdiction of the court rested upon comity and not upon the provisions of sec. 2, art. IV, constitution of the United States, which provide: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

Respondents likewise rely upon *Gallun v. Weil* (1903), 116 Wis. 236, 241, 92 N. W. 1091. There the action was commenced by a citizen of Wisconsin against a nonresident for breach of a contract for the sale of pelts. The pelts were actually seized by attachment. The defendant sought to have the attachment vacated and set aside on the ground that the pelts belonged to the plaintiff and not to the defendant. The court said:

"There is no controversy here but that all the requisites to the issuance and execution of the writ were fully complied with. If the facts alleged in the affidavit, independent of those respecting defendant's liability, concerning the existence of the ground entitling the plaintiff to the writ, did not exist, the remedy was not by motion to dismiss the writ as improvidently granted, but, the one provided by statute, a traverse of the affidavit for the writ and a trial of the issues thus formed. Secs. 2745, 2746, Stats. 1898. Such sections expressly leave all questions relative to the liability of defendants to plaintiffs to be determined upon the trial of the action, and require the question of whether grounds otherwise existed for the execution of the writ, if disputed, to be determined in the manner indicated."

We have examined all of the cases cited by the respondents and we find none which support their contention that a judgment in general terms may be construed as a judgment *in rem*.

In the present case the judgment entered on behalf of the plaintiff recites only that it appears from the pleadings and affidavits on file that the defendants own property in Wis-

consin. There is no description in the judgment, either direct or by reference to the description contained in the affidavit of plaintiff's attorney. The adjudication itself is a simple judgment for money damages:

"It is adjudged that the plaintiff recover against the defendants, Emil Schultz and Nettie Schultz, also known as Jeretta E. Schultz, the sum of fifteen hundred ($1,500) dollars, principal, with interest thereon since date of execution in the amount of three hundred ninety-six and 46/100ths ($396.46) dollars, and two hundred twenty-five ($225) dollars, attorneys fees, as provided by said note, or a total of two thousand one hundred twenty-one and 46/100ths ($2,121.46) dollars, together with the costs and disbursements taxed at fifty-eight and 25/100 dollars, making a total judgment of two thousand one hundred seventy-nine and 71/100 dollars.

"That the plaintiff, Betty Schultz, resides at 1820 Stevens avenue, Minneapolis, Minnesota, and that the defendants, Emil Schultz and Nettie Schultz, also known as Jeretta E. Schultz, reside at 3649 Oceanview, San Diego, California."

Corpus Juris Secundum states the rule to be:

"Where a judgment affects the title to property, real or personal, the property must be described specifically and with certainty to enable execution of the court's mandate; an impossible, wrong, or uncertain description, or the absence of a description, renders the judgment erroneous or void." 49 C. J. S., Judgments, p. 203, sec. 80.

Upon reason it would appear that the judgment should clearly indicate upon its face whether it is *in personam* or *in rem*. There is nothing in the adjudication of the present judgment to indicate that it refers to property. Upon valid judgments the clerk of court is by statute authorized to issue execution against any property belonging to the defendant without regard to whether it was acquired by the defendant before or after the entry of judgment. To hold this judgment valid as to specific property not designated in the judgment and invalid as to all other property which

the defendants might later acquire would inject an element of uncertainty into all judgments which would almost require separate proceedings to determine the property against which execution might be levied in all cases. We have concluded for these reasons that the judgment is invalid.

In connection with this case we think it well to mention the rule stated by the United States supreme court in *Pennington v. Fourth Nat. Bank* (1917), 243 U. S. 269, 272, 37 Sup. Ct. 282, 61 L. Ed. 713:

"The only essentials to the exercise of the state's power are presence of the res within its borders, its seizure at the commencement of proceedings, and the opportunity of the owner to be heard."

It would appear better practice to describe the property affected by the action in the complaint so that at the time of service the defendant is thereby given notice that his interest in such property is sought to be impressed.

*By the Court.*—Order reversed and cause remanded with instructions to vacate and set aside the judgment.