SHEEHAN, Appellant, vs. MATTHEW, Respondent.

*February 8—March 6, 1951.*

The cause was submitted for the appellant on the brief of *Brennan & Brennan* of Milwaukee, and for the respondent on the brief of *Shaw, Muskat & Paulsen,* attorneys, and *F. H. Prosser* of counsel, all of Milwaukee.

BROWN, J. Plaintiff relies on sec. 262.12, Stats., which, in its material parts, recites:

"*Publication or service outside state, when permitted.* When the summons cannot with due diligence be served within the state, the service of the summons may be made without the state or by publication upon a defendant when it appears from the verified complaint that he is a necessary or proper party to an action or special proceeding as provided in Rule 262.13, in any of the following cases:

"(1) When such defendant is a nonresident of this state or his residence is unknown, or is a foreign corporation, and the defendant has property within the state, or the cause of action arose therein, and the court has jurisdiction of the subject of the action, whether the action be founded on contract or tort."

The defendant Matthew undoubtedly is a necessary or proper party to a cause of action which arose within the state

and over which the court has jurisdiction. He is a nonresident and cannot be served in Wisconsin. Sec. 262.12 (1), Stats., authorizes service by publication in such cases, yet in so far as the statute attempts to gain jurisdiction by such service of nonresident defendants in behalf of plaintiffs who are seeking money judgments (judgments *in personam*) it is void because in conflict with the Fourteenth amendment of the United States constitution. *Pennoyer v. Neff* (1877), 95 U. S. 714, 24 L. Ed. 565. This seems so well established that there is little need for other citations or argument. In *Witt v. Meyer* (1887), 69 Wis. 595, 598, 35 N. W. 25, while dismissing an action on other grounds, we said:

"There is another objection to this proceeding, to which we call the attention of the attorneys of the plaintiff for their consideration: The affidavit sets up a cause of action in tort, arising in this state, and alleges the nonresidence of the defendant, and perhaps comes within the letter of the statute. Sub. 1, sec. 2639, R.S. We have however very grave doubts whether a judgment rendered against the defendant in such an action would bind his person or property. If it would not, it would be improper to permit the party to take judgment therein."

In *Maxcy v. McCord* (1904), 120 Wis. 571, 572, 98 N. W. 529, 98 N. W. 923, arising under sec. 2639, Stats., we said:

"Appellant insists that, having been served with process only outside its territorial jurisdiction, the court had no jurisdiction of his person to enable it to render a money judgment against him for costs. This is undoubtedly correct."

The parts of the old sec. 2639, Stats., which were pertinent in those cases are the equivalent of the portion of the present sec. 262.12, which we have already quoted but appellant suggests that the revision of the statute has changed the law because, in the opinion in *State ex rel. Ralph Lumber Co. v. Kleczka* (1940), 234 Wis. 7, 12, 290 N. W. 142, we said:

"It should be noted that the old practice as provided in secs. 262.12 and 262.13 of the statutes of 1929 and former years is no longer applicable." The "old practice" referred to was the practice of procuring an order directing publication, which is no longer necessary. The quotation has no applicability to the question now before us and does not affect the older decisions which recognized the principle that a state court obtains no jurisdiction *in personam* over a defendant who is not served with process within the state and who enters no general appearance. As recently as in *Schultz v. Schultz* (1949), 256 Wis. 139, 40 N. W. (2d) 515, in considering a judgment entered against nonresident defendants upon whom the summons and complaint had been served in California and who did not appear in the action, we said, page 141, "If the judgment is *in personam,* it must be held invalid because no jurisdiction was obtained over the appellants."

No relief is sought in the present action other than *in personam*. Constructive service of process beyond the boundaries of the state is insufficient to give our courts jurisdiction over the person of the nonresident defendant, and a judgment rendered against him, so served, on this complaint would be void for lack of due process of law. The learned trial court correctly vacated the service and dismissed the action against him.

*By the Court.*—Order affirmed.