PLOVEY and another, Appellants, vs. VOGELE, Respondent.

*June 2—July 3, 1953.*

For the appellants there was a brief and oral argument by *N. Paley Phillips* of Milwaukee.

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Norman C. Skogstad* and *Reuben*

*W. Peterson, Jr.*, of counsel, all of Milwaukee, and oral argument by *Mr. Peterson.*

CURRIE, J. Counsel for plaintiffs make the following two contentions on this appeal:

(1) That the defendant cannot raise the issue of want of jurisdiction by special appearance, but only by general appearance; and

(2) That the judgment of the trial court was rendered against the driver and not against the name Alfred Vogele, and therefore plaintiffs should have been allowed to amend the caption of the summons, complaint, and judgment to read: "David Vogele, defendant" in lieu of "Alfred Vogele, defendant."

We are a little mystified that the contention should be made that the question of want of jurisdiction, because of lack of service of process on the defendant, could be raised only by general appearance, and not by special appearance. A general appearance would give the court the jurisdiction it might not previously have had, and would cure any defect in the original attempted service of process.

In *State ex rel. Nelson v. Grimm* (1935), 219 Wis. 630, 633, 263 N. W. 583, 102 A. L. R. 220, Nelson, a resident of Chicago, Illinois, was interpleaded as a defendant in an action to recover damages for an automobile accident, and the service of the amended summons and complaint upon him was attempted to be made in the method prescribed by sec. 85.05 (3), Stats. Nelson filed a document entitled "Plea in abatement," in which he stated that he "appears specially in said action and as a plea in abatement therein alleges" various matters tending to show that the court did not have jurisdiction. The prayer of the "Plea in abatement" was that the order of interpleader, and the amended summons and complaint adding Nelson as a party, be abated, and that Nelson recover his costs and disbursements from the plaintiff

and the other defendant. The trial court dismissed the plea in abatement. Nelson then petitioned this court for a peremptory writ of prohibition against the trial judge prohibiting prosecution of the action against Nelson. This court held that the prayer for costs and disbursements implied full costs of the action, and not merely costs of the motion, and that such relief was inconsistent with anything but a general appearance. Therefore, the general appearance cured any defect in the service of process. In its decision this court quoted from its opinion in *Gilbert-Arnold Land Co. v. O'Hare* (1896), 93 Wis. 194, 197, 67 N. W. 38, as follows:

"The settled rule is that, if a party desires to take advantage of want of service of process sufficient to give the court jurisdiction of his person, by moving to set aside the proceedings on that ground, he must appear specially for that purpose and keep out of court for all others."

The brief of counsel for the plaintiffs in support of the second contention made in plaintiffs' behalf states:

"Presuming the operator of the vehicle were personally served with process, whether he was called Alfred Vogele or John Smith or any other name instead of David Vogele, and a judgment was obtained against that particular operator, the judgment would be against the man served who was the operator of the vehicle, and not against the name of Alfred Vogele. . . .

"In the case at bar the defendant was designated as the driver of the motor vehicle involved; and we have a judgment against that driver, whatever his name might be. Proper service was had upon that driver's duly authorized agent, the motor vehicle commissioner, and even if his name was misspelled or if he was given another proper name, he is the person against whom there is a judgment."

The fallacy of the foregoing argument is that there was no proper service made upon David Vogele, the actual driver of the vehicle which injured the plaintiff Sylvia Plovey.

Sec. 85.05 (3), Stats. 1949, required not only that a copy of the summons and complaint be served upon the commissioner of motor vehicles, but also that a copy of the process be served by mail upon the defendant within ten days after the service on the commissioner. The copy of the summons and complaint, which was mailed, was not addressed to David Vogele but to Àlfred Vogele at the latter's address in Chicago, and there is no proof that such mailed copy of the summons and complaint was ever received or seen by David Vogele. The record is entirely silent as to whether David Vogele (who is married) resided at the same address with his father, Alfred Vogele, or at a different address. Thus, there was a complete failure to mail a copy of process to David Vogele within the ten-day period required by statute, thereby rendering the attempted service of process entirely void.

In *Baker v. Tormey* (1932), 209 Wis. 627, 245 N. W. 652, an action to recover for damages in an automobile accident was commenced against Thomas Tormey by substitute service upon his mother. It later developed that the operator of the motor vehicle was Weston Tormey (brother of Thomas) residing at the same address. The contention was made that valid service had been made upon Weston Tormey, although the action was entitled against Thomas Tormey. The trial court granted plaintiff's motion to substitute Weston Tormey for Thomas Tormey, although more than two years had elapsed since the accident, and no notice of injury had been served on Weston. In reversing the trial court and ordering that the action be dismissed as to the defendant Weston Tormey, this court stated (p. 633):

"The plaintiff argues that since the summons and complaint herein were served by substituted service at the common place of abode of both Thomas W. Tormey, Jr., and Weston Tormey, even though Weston Tormey's name was not mentioned in any of the papers served or in the return

of service, it should or may be held to be a service upon Weston Tormey. We cannot so hold. Thomas W. Tormey, Jr., and Weston Tormey were distinct individuals and service of a summons and complaint addressed to the one, correctly naming him, cannot be considered as a service upon another, bearing a different name, although both happened to be members of the same family. Had service been made personally upon Thomas W. Tormey, Jr., no one could assert that such service was good as to his brother Weston Tormey. We do not think that a substituted service can be more extensive or of greater scope than a personal service."

Inasmuch as in the instant case there was never any valid service of process on David Vogele, the operator of the automobile which injured the plaintiff Sylvia Plovey, the trial court rightly vacated the judgment against him.

It may be suggested that, by permitting a nonresident defendant to come into court by special appearance and establish by affidavit that he was not the operator of the vehicle which injured the plaintiff, it is likely to result in fraud being practiced upon the court. In other words, it is urged that this practice might be made use of by a dishonest nonresident defendant who actually was the driver of the car at the time the accident occurred. However, where the issue of jurisdiction is raised by special appearance, the trial court has the discretionary power to require the defendant, who claims he was not the driver, to appear personally in court and confront witnesses to the accident. If questions of fact are raised, the trial court may require the taking of testimony in open court in lieu of relying entirely on affidavits and counteraffidavits. The trial courts, therefore, by employment of such means, can prevent fraud from being perpetrated in cases of this kind in which the jurisdiction of the court over the person of the defendant is challenged by special appearance.

*By the Court.*—Order affirmed.