Linda MILLER, Petitioner-Respondent,

v.

Charles P. SMITH, State Treasurer, Appellant.

Supreme Court

*No. 80–264. Argued February 9, 1981.—Decided March 3, 1981.*

(Also reported in 302 N.W.2d 468.)

For the appellant the cause was argued by *Charles A. Bleck,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the respondent there was a brief by *Louise A. Ptacek* and *Petrie, Stocking, Meixner & Zeisig, S.C.,* of Milwaukee, and oral argument by *Louise Ptacek.*

COFFEY, J.    This is a review of a writ of mandamus issued by the HON.  WILLIAM F. EICH in the circuit court for Dane county directing the state treasurer to pay a default judgment entered against John Doe, an unknown employee of the state, in the Milwaukee county circuit court.  The court denied the treasurer, Smith's, motion to dismiss the respondent, Miller's, petition for

the writ (quash the alternative writ) and issued a peremptory writ of mandamus. The issuance of the peremptory writ forms the basis for this appeal and the case is before this court on certification.

On August 19, 1974, Linda Miller, respondent herein, was allegedly injured by an usher at the Wisconsin State Fair Park in Milwaukee county. She filed a claim against the state of Wisconsin which was subsequently denied. The respondent then commenced an *in personam* action against John Doe, an unknown employee of the state of Wisconsin,[1] pursuant to sec. 895.45, Stats. 1977,[2] alleg-

---

[1] Miller, in her summons and complaint, designated the unknown state employee as "John Doe" pursuant to sec. 807.12, Stats. This statute provides in part:

"Suing by fictitious name or as unknown; . . . (1) When the name or a part of the name of any defendant, or when any proper party defendant to an action to establish or enforce, redeem from or discharge a lien or claim to property is unknown to the plaintiff, such defendant may be designated a defendant by so much of the name as is known, or by a fictitious name, or as an unknown heir, representative, owner or person as the case may require, adding such description as may reasonably indicate the person intended.

"(2) When the name of such defendant is ascertained the process, pleadings and all proceedings may be amended by an order directing the insertion of the true name instead of the designation employed."

All statutory citations herein will be to the 1979 compilation of the Wisconsin Statutes unless otherwise indicated.

[2] Sec. 895.45(1), Stats. 1977, provided:

"**Timeliness, definition of claimant, notice and limited liability.** (1) No civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of such officer's employe's or agent's duties, unless within 90 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or

ing that he, while acting within the scope of his employment as an usher at the State Fair Park, negligently injured her wrist, head and permanently damaged her hearing. Miller alleged that service upon John Doe was accomplished with the delivery of a copy of the summons and complaint to the attorney general's office, pursuant to sec. 801.11(3).[3] Later, as recited in her petition for the writ, Miller mailed the attorney general "proof of service upon John Doe [the unknown state employee], notice of all proceedings, and notice of entry of the judgment. . . ."

The attorney general declined to appear and defend the action against "John Doe" before the Hon. Ralph G. Gorenstein, presiding in the circuit court for Milwaukee county, who rendered a default judgment in Miller's favor ordering that she "have judgment against the defendant, John Doe, an unknown employee of the state of Wisconsin, in the sum of $7,500, together with the costs and disbursements of this action." The court in its order for judgment made the following findings: (1) the defendant's true name and address are unknown; (2) the court acquired personal jurisdiction over "John Doe;" (3) the injuries sustained by Miller at the concert at

death and the names of persons involved, including the name of the state officer, *employe* or agent involved." (Emphasis supplied.)

The plaintiff failed to fully comply with this statute as her notice of injury did not set forth the name of the alleged negligent state employee.

Sec. 895.45, Stats. 1977, was amended and renumbered to sec. 893.82, by ch. 323, §30 of the Laws of 1979, but the amendment is inapplicable to this case as its effective date was July 1, 1980. Ch. 323, §34, Laws of 1979.

[3] Sec. 801.11(3) provides for the service of a summons and complaint upon the state in the following manner:

"STATE. Upon the state, by delivering a copy of the summons and of the complaint to the attorney general or leaving them at the attorney general's office in the capitol with an assistant or clerk."

State Fair Park were the result of the sole negligence of "John Doe;" and (4) that "John Doe" was an usher employed by the state of Wisconsin and acting within the scope of his employment at the time he caused the injuries to the person of Linda Miller. To this date, the defendant (alias John Doe) remains unknown and thus has never been served with a copy of the summons and complaint and/or judgment.

Following the entry of the default judgment, Miller requested payment from the State Treasurer, Charles Smith. The request was denied and Miller, relying on sec. 801.50(9), Stats.,[4] filed the petition for a writ of mandamus in the Dane county circuit court claiming that the state treasurer was obligated to pay the judgment under the provisions of sec. 895.46(1), Stats. 1977.[5]

---

[4] Sec. 801.50(9), Stats., specifies the proper venue for actions against the state or any of its officers in their official capacity as follows:

"(9) ACTIONS AGAINST THE STATE. Of an action brought against the state or any state board or commission or any state officer in an official capacity, the county of Dane unless another place is specifically authorized by law."

[5] Sec. 895.46(1), Stats 1977, in part provides:

"State and political subdivisions thereof to pay judgments taken against officers. (1) Where the defendant in any action or special proceeding is a public officer or employe and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employe and the jury or the court finds that such defendant was acting within the scope of employment the judgment as to damages and costs entered against the officer or employe in excess of any insurance applicable to such officer or employe shall be paid by the state or political subdivision of which the defendant is an officer or employe. . . . Regardless of the results of the litigation the governmental unit, when it does not provide legal counsel to the defendant officer or employe, shall pay reasonable attorney's fees and costs of defending the action, unless it is found by the court or jury that the defendant officer or employe did not act within the scope of employment. Failure by the officer or employe to give notice to his or her department head of action or special proceeding commenced against the defendant officer or employe as

Miller supported her petition with a recitation of the default judgment and the above-noted findings of the Milwaukee county circuit court. The Dane county circuit court thereupon ordered the issuance of an alternative writ of mandamus, and the state on behalf of the treasurer moved to dismiss (quash) Miller's petition on the grounds that the court lacked jurisdiction over the state treasurer under the doctrine of sovereign immunity,[6] and further, the petition failed to state a claim upon which relief may be granted. The court denied the state's motion to dismiss Miller's petition (quash the alternative writ) and ordered the issuance of a peremptory writ of mandamus directing the state treasurer to pay the default judgment. Upon the issuance of the writ of mandamus, the state appealed. The court of appeals certified the action to this court and we limit our discussion to the dispositive issue of whether a writ of mandamus will lie to compel the state treasurer to pay a default judgment against *John Doe, an unknown state employee whose name and address have never been ascertained* and thus never served with a summons and complaint as required under secs. 801.04(2),[7] and 801.11(1),[8] Stats.

---

soon as reasonably possible shall be a bar to recovery by the officer or employe from the state or political subdivision of reasonable attorney's fees and costs of defending the action. Such attorney's fees and expenses shall not be recoverable if the state or political subdivision offers the officer or employe legal counsel and such offer is refused by the defendant officer or employe. . . ."

This statute was amended by ch. 74, sec. 2 and ch. 221, sec. 842 of the Laws of 1979. The amendments, however, are inapplicable to this action as they apply only to causes of action that accrue on or after May 2, 1980. *See:* ch. 221, sec. 2203(32)(a) of the Laws of 1979.

6 We do not address the state's claim of sovereign immunity as we resolve this case on other grounds.

7 Sec. 801.04(2), provides in part:

"(2) PERSONAL JURISDICTION. A court of this state having jurisdiction of the subject matter may render a judgment against a

The question presented in this case gives rise to the following inquiry: Was the default judgment rendered against an unknown state employee valid? An analysis of the fictitious name statute, sec. 807.12, Stats., as well as the statutes and case law governing personal jurisdiction in *in personam* actions, leads us to conclude that this inquiry must be answered in the negative.

Miller brought her personal injury suit in the Milwaukee county circuit court with the filing of a summons and complaint designating the defendant as one "John Doe, an unknown employee of the state of Wisconsin." Under sec. 807.12(1), Stats., a plaintiff may institute a cause of action against a defendant with a fictitious name if the true name of the defendant is unknown:

---

party personally only if there exists one or more of the jurisdictional grounds set forth in s. 801.05 or 801.06 and in addition either:

"(a) A summons is served upon the person pursuant to s. 801.-11; . . ."

[8] Sec. 801.11(1), Stats., provides:

"**Personal jurisdiction, manner of serving summons for.** A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 801.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

"(1) NATURAL PERSON. Except as provided in sub. (2) upon a natural person:

"(a) By personally serving the summons upon the defendant either within or without this state.

". . . .

"(d) In any case, by serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant."

We also refer to secs. 801.02(1) and 893.02, Stats., which require service of authenticated copies of the summons and complaint upon the defendant within 60 days of the filing thereof in order to properly commence an action.

"When the name or a part of the name of any defendant . . . is unknown to the plaintiff, such defendant may be designated a defendant by so much of the name as is known, *or by a fictitious name,* . . . adding such description as may reasonably indicate the person intended . . . ." (Emphasis supplied.)

However, under the same statutory provision which allows one to bring suit using a fictitious name, the legislature has mandated the following:

"*When* the name of such defendant is ascertained the process, pleadings and all proceedings *may* be amended by an order directing the insertion of the true name instead of the designation employed." (Emphasis supplied.) Sec. 807.12(2), Stats.

The operative words in sec. 807.12(2), Stats., are "when" and "may." The use of the word "when" rather than "if" contemplates knowledge of the defendant's name prior to the rendition of a judgment. By implication, it forecloses pursuit of a judgment against a non-designated defendant where his true identity is never ascertained. Further, although sec. 807.12(2), with the use of the word "may", appears to give the court discretion to amend the process, pleadings, etc., when the true name of the defendant is ascertained, we believe that the word "may" in the statute should be read as "shall," thereby making the amendment inserting the defendant's true name before or at the time of entry of judgment mandatory. The applicable rule of statutory construction is stated in *Schmidt v. Local Affairs & Development Dept.,* 39 Wis.2d 46, 53, 158 N.W.2d 306 (1968):

"While generally the word 'may' in a statute will be construed as permissive, it will not be so construed where a different construction is demanded by the statute in order to carry out the intent of the legislature. *Wauwatosa v. Milwaukee County,* (1963), 22 Wis.2d 184, 125 N.W.2d 386." *See also: Hitchcock v. Hitchcock,* 78 Wis. 2d 214, 220, 254 N.W.2d 230 (1977).

In the statute under consideration, the legislature, with the use of the word "when," contemplated that the defendant's identity would become known at some time during the proceedings. Thus, the legislature also intended that "when" the defendant's identity is ascertained, the process, etc., must be amended to reflect the defendant's true name before or at the time of entry of judgment, for if it were otherwise, it would be possible to enter and maintain a default judgment against an unknown person *ad infinitum.* (*See:* sec. 806.02(2), Stats., stating the judgment is to be according to the demand of the complaint.) However, a judgment must recite the name of the defendant party as the legislature provided in sec. 806.01(1), Stats.:

"**Judgment.** (1)(a) A judgment is the determination of the action. . . .

"(b) Each judgment shall specify the relief granted or other determination of the action and the *name and place of residence of each party to the action* and occupation, trade or profession." (Emphasis supplied.)

Thus, when sec. 807.12, Stats., is read in conjunction with sec. 806.01(1), as required when dealing with judgments, it becomes apparent that the legislature, with the enactment of sec. 807.12, did not intend to authorize the rendition and entry of a judgment against an unnamed (unknown) party and further, that when the defendant's true name is ascertained, the process, etc., must be amended before or at the time of entry of judgment. A reading of this statute reveals that its practical import is only to provide a method to initiate an action within the statute of limitations[9] when the defendant's name is unknown—no more, no less.[10]

[9] *See: Lak v. Richardson-Merrell, Inc.*, 100 Wis.2d 641, 302 N.W.2d 483 (1981).

[10] For a discussion of the nature and purpose of so-called "fictitious name" statutes *see:* Hogan, *California's Unique Doe*

Thus, on the basis of the foregoing reasoning, we hold that sec. 807.12, Stats., fails to authorize the rendition and entry of a judgment against an unnamed individual (alleged state employee). Next, we turn to the more important issue of whether or not the Milwaukee county circuit court ever acquired personal jurisdiction over the unknown state employee, "John Doe," for, it is self-evident that an *in personam* judgment in the absence of personal jurisdiction is void.[11]

The state argues that the Milwaukee county circuit court did not have personal jurisdiction over an unknown state employee because no employee was given notice of a pending suit in the manner prescribed in sec. 801.11 (1), Stats. Miller, on the other hand, claims that the circuit court for Milwaukee county obtained personal jurisdiction over the unknown state employee with the delivery of a copy of the summons and complaint to the attorney general's office. She contends that service upon the attorney general pursuant to sec. 801.11 (3) was a reasonable means of obtaining personal jurisdiction over the unknown state employee, for "[the] employee . . . would be indemnified and most likely defended by the state of Wisconsin according to the provisions of section 895.46 (1), Stats., [1977]." (Res. Br. at 13.)

*Defendant Practice: A Fiction Stranger Than Truth*, 30 Stan. L. Rev. 51 (1977) ; Comment, *Unknown Parties: The John Doe Defendant*, 1970 Law & Soc. Order 256; Note, *Designation of Defendants by Fictitious Names—Use of John Doe Complaints*, 46 Iowa L. Rev. 773 (1961).

[11] *See generally: Plovey v. Vogele*, 264 Wis. 416, 59 N.W.2d 495 (1953) ; *Sheehan v. Matthew*, 258 Wis. 606, 46 N.W.2d 752 (1951) ; *Schultz v. Schultz*, 256 Wis. 139, 40 N.W.2d 515 (1950) ; *Eide v. Skerbeck*, 242 Wis. 474, 8 N.W.2d 282 (1943) ; *Smith v. Grady*, 68 Wis. 215, 31 N.W. 471 (1887) ; 49 C.J.S. *Judgments*, §23 (1947) ; and Restatement of Judgments, §6 and §8, comment *b* (1942), all stating that a judgment in the absence of notice of the pending suit to or service of process upon the defendant is void for the want of jurisdiction.

According to sec. 801.04(2), Stats., personal jurisdiction is a condition precedent to the rendition of a valid *in personam* judgment. Pursuant to this statute:

"PERSONAL JURISDICTION. A court of this state having jurisdiction of the subject matter may render a judgment against a party personally *only if* there exists one or more of the jurisdictional grounds set forth in s. 801.05 or 801.06 *and in addition either:*
"(a) *A summons is served upon the person pursuant to s. 801.11;* . . ." (Emphasis supplied.)

Sec. 801.11(1), Stats., governs the manner in which a court may obtain personal jurisdiction over an individual. Under this provision, service upon an individual may only be obtained by: (1) personally serving the summons upon the defendant; (2) leaving a copy of the summons at the defendant's usual place of abode with a member of the family who is competent, at least 14 years of age, and informed of the contents; (3) publication and mailing (mailing may be dispensed with if the post office address cannot be ascertained with reasonable diligence); or (4) upon an agent authorized to accept service or in accord with any other statute specifying a manner of service upon an individual defendant.

As recited in *Kruse v. Miller Brewing Co.,* 89 Wis.2d 522, 527, 279 N.W.2d 198 (1979):

"This court has stated many times that the service of a summons in the manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction. . . . *Danielson v. Brody Seating Co.,* 71 Wis.2d 424, 238 N.W.2d 531 (1976). *See also: Keske v. Square D. Co.,* 58 Wis.2d 307, 206 N.W.2d 189 (1973), and *Heaston v. Austin,* 47 Wis.2d 67, 176 N.W.2d 309 (1970)."

Thus, it was necessary for the circuit court of Milwaukee county to find that service of a summons was accomplished in the manner prescribed in sec. 801.11(1), Stats., in order to gain personal jurisdiction over the alleged state employee.

Miller's petition for the writ of mandamus, insofar as it recited "John Doe's" true name and address remained unknown as of the date the petition for the writ of mandamus was filed, unequivocally demonstrates that the alleged negligent state employee was not served in the manner set forth in sec. 801.11(1)(a) through (1)(c), Stats., prior to or at the time of entry of judgment. Service in accordance with these provisions was impossible absent knowledge of the defendant's identification (name *and* address.) [12] It should be pointed out that Miller, in her brief and argument before this court, did not claim that the attorney general was the alleged unknown state employee's authorized agent for the purposes of service of a summons. Further, we wish to point out that there exists no statutory authority providing for the service of the summons upon the attorney general as the agent for service of an alleged negligent, unknown state employee. Thus, Miller has failed to demonstrate compliance with sec. 801.11(1)(a) through (1)(d), Stats. [13] Consequently, we hold that the default judgment entered against "John Doe, an unknown employee of the

[12] We must view the allegation that the name and address of the alleged negligent state employee remained unknown as true since a motion to quash an alternative writ of mandamus is deemed a demurrer, thus admitting all the facts appearing in the petition. *Burns v. City of Madison,* 92 Wis.2d 232, 239, 284 N.W. 2d 631 (1979); *State ex rel. Kurkierewicz v. Cannon,* 42 Wis.2d 368, 374, 166 N.W.2d 255 (1969); *State ex rel. James L. Callan, Inc. v. Barg,* 3 Wis.2d 488, 490–91, 89 N.W.2d 267 (1958).

[13] We note that the Milwaukee county circuit court found that it had jurisdiction over the person of the unknown state employee, John Doe. However, as demonstrated in this opinion, this conclusion is in conflict with and belied by the court's contemporaneous finding "That defendant, John Doe's true name and residence are unknown."

state of Wisconsin" in the Milwaukee county circuit court was void for want of personal jurisdiction.[14]

Given the fact that the Milwaukee county circuit court's default judgment was void, the issue then becomes whether or not the circuit court for Dane county abused its discretion in ordering the issuance of a writ of mandamus against the state treasurer directing him to pay the default judgment.

A writ of mandamus is a discretionary writ in that it lies within the sound discretion of the trial court to either grant or deny. The trial judge's actions in either granting or denying the writ will be affirmed unless the trial judge abused his discretion. *Morrissette v. DeZonia*, 63 Wis.2d 429, 434, 217 N.W.2d 377 (1974); *State ex rel. Kurkierewicz v. Cannon, supra* n. 11, at 375–76. This court has set forth the following prerequisites for the issuance of the writ:

". . . a clear legal right; the duty sought to be enforced is positive and plain; the applicant for the writ shows that he will be substantially damaged by nonperformance of such duty; and there is no other adequate specific legal remedy for the threatened injury, and no laches on the part of such applicant, and no special reasons exist rendering a resort on his part to the remedy, under the circumstances, inequitable . . . ." *Burns v.*

---

[14] *See:* n. 11, *infra* at 6.

The Restatement of Judgments, Section 6 (1942), cited in that note provides:

"NOTICE AND OPPORTUNITY TO BE HEARD.

"A judgment is void unless a reasonable method of notification is employed and a reasonable opportunity to be heard afforded to persons affected."

Comment *b* of this section provides:

"*b. Method of notification.* A judgment may be void either because a reasonable method of notification is not provided for by the law of the State in which the action is brought, *or because the method provided for is not followed.*" (Emphasis supplied.) *Id.* at 36.

*City of Madison,* 92 Wis.2d 232, 243, 284 N.W.2d 631 (1979), quoting from *State ex rel. Johnson v. County Court,* 41 Wis.2d 188, 192, 163 N.W.2d 6 (1968), and *Neu v. Voege,* 96 Wis. 489, 493, 71 N.W. 880 (1897).

Miller claims that she possessed a "clear legal right" to the writ of mandamus because the state, under the provisions of sec. 895.46(1), Stats. 1977, was required to indemnify its alleged negligent employee from the default judgment entered in the circuit court for Milwaukee county. Thus, since we have held that the default judgment was void for a lack of personal jurisdiction, it follows that Miller did not meet her burden of establishing a clear legal right to the writ of mandamus.[15] In this regard, we note the statement in 55 C.J.S. *Mandamus,* sec. 144 at 253 (1948), that "Mandamus does not lie to enforce a judgment which is . . . void or inoperative as for want of jurisdiction. . . ." Further, the state treasurer, in the absence of a valid judgment, had no duty to indemnify an alleged negligent state employee under sec. 895.46(1), Stats. 1977, for this statute "does not become applicable until after a [valid] judgment of liability is entered." *Cords v. Ehly,* 62 Wis.2d 31, 38, 214 N.W.2d 432 (1974). *See also: Chart v. Dvorak,* 57 Wis. 2d 92, 105, 203 N.W.2d 673 (1973). Moreover, it is clear that absent identification of the alleged negligent employee, there is simply no employee for the state to indemnify under sec. 895.46(1), Stats. 1977. Thus, the

---

[15] Since the default judgment was void, it must be viewed as nonexistent and should be expunged from the records:

" 'A judgment or order which is void may be expunged by a court at any time. Such right to expunge a void order or judgment is not limited by statutory requirements for reopening, appealing from, or modifying orders or judgments.' [Cases Cited]." *Kohler v. ILHR,* 81 Wis.2d 11, 25, 259 N.W.2d 695 (1977), quoting from *Wall v. Sovinski,* 234 Wis. 336, 342, 291 N.W. 344 (1940).

invalidity of the default judgment also precluded Miller from meeting her burden of showing that the state treasurer owed her a duty under the facts of this case.[16]

The record established that the invalidity of the default judgment was apparent on its face, for it recited that "John Doe's" true name and residence were unknown, and thereby demonstrated that it was impossible to complete service of a summons upon a defendant as required by secs. 801.04(2) and 801.11(1)(a) through (1)(d), Stats.

The Milwaukee and Dane county circuit courts overlooked this defect in personal jurisdiction, failing to note that the name and residence of the defendant party remained unknown at the time of entry of judgment, contrary to sec. 806.01(1)(b), Stats. Although the Milwaukee county circuit court held that it had personal jurisdiction, the jurisdictional defect was apparent from the face of the judgment. Consequently, we hold the issuance of the writ of mandamus constituted an abuse of discretion as the facts demonstrate the absence of a legal right to and a positive and plain duty to be enforced by a writ of mandamus.

In closing, we note that the respondent and the Milwaukee and Dane county circuit courts viewed the service of a summons and complaint upon the attorney general, in accordance with sec. 801.11(3), Stats., as substituted service sufficient to give the circuit court for Milwaukee county jurisdiction over the unknown state employee. Miller's theory in this regard is that given the

---

[16] We note that the state also argued that its duty to indemnify its negligent employees under sec. 895.46(1), Stats. 1977, runs only to its employees as judgment debtors, and not to persons possessing judgments against those employees *i.e.*, judgment creditors. Although we are cognizant of this argument, it is not necessary to address it as our holding that the Milwaukee county circuit court judgment was void for lack of jurisdiction is dispositive.

state's potential obligations under sec. 895.46, Stats. 1977, a suit against an unknown state employee is, in essence, a suit against the state. Therefore, she claims that only the state need be given notice of a suit pending against an unknown state employee. Acceptance of this theory by this court would be tantamount to destroying the legislature's enunciated public policy against the institution of direct suits against the state for the alleged tortious acts of its employees. We again decline to do so for it is well established that sec. 895.46, Stats. 1977, standing alone or in combination with sec. 895.45, Stats. 1977, fails to provide the " 'express legislative permission [consent]' necessary for the state to be sued." (Citations omitted.) *Fiala v. Voight,* 93 Wis.2d 337, 347, 286 N.W. 2d 824 (1980). *See also: Cords v. State,* 62 Wis.2d 42, 50, 214 N.W.2d 405 (1974); *Cords v. Ehly, supra* at 36–38.

*By the Court.*—The order of the circuit court for Dane county is reversed and the cause is remanded with directions that the court grant the appellant's motion to quash the writ of mandamus and returned to the Milwaukee county circuit court to void the default judgment entered therein, consistent with this opinion.

BEILFUSS, C. J., took no part.