Larry HATHAWAY, Petitioner-Appellant,

v.

JOINT SCHOOL DISTRICT NO. 1, CITY OF GREEN BAY, et al.;
Board of Education of Joint School District No. 1,
City of Green Bay, et al.; and Timothy G. Quinn,
Superintendent of Joint School District No. 1, City
of Green Bay, et al., Respondents.†

Court of Appeals

*No. 81–2298. Submitted on briefs August 16, 1982.—
Decided December 7, 1982.*
(Also reported in 329 N.W.2d 217.)

For the appellant the cause was submitted on the briefs
of *Kelly, Haus and Katz* and *Stephen G. Katz* of Madison.
For the respondents there was a brief by *Parins, Mc-
Kay & Mohr, S.C.*, and *J.D. McKay* of Green Bay.
Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.    Larry Hathaway, executive director of
the Green Bay Education Association, appeals from a
judgment denying his petition for a writ of mandamus
to compel the Green Bay board of education to permit

---

† Petition to review granted.

him access to a computer-generated list of the names and addresses of parents of pupils enrolled in the school district. The list is a public record, and the parties agree that Hathaway is entitled to the list under sec. 19.21, Stats., unless it is a confidential pupil record under sec. 118.125, Stats. Because the list is not a pupil record, we reverse the judgment and remand this matter to the trial court for its further consideration.

Section 118.125(1)(a) defines pupil records as "all records relating to individual pupils maintained by an elementary school or high school . . . ." The plain language of the statute establishes a legislative intent to protect certain personal information about pupils. A list of parents' names and addresses, not correlated with a pupil's name, is not personal information about a pupil. It is not a behavioral or progress record, secs. 118.125(1)(b) and (c), nor directory data, sec. 118.125(1)(d).[1] The statute does not mention parents' names or addresses. Where a statute lists items included in its purview, omission of an item is evidence that the legislature intended to exclude it. *Gottlieb v. Milwaukee,* 90 Wis. 2d 86, 95, 279 N.W.2d 479, 483 (Ct. App. 1979). The mere fact that the information is gleaned from a pupil record does not make it a pupil record.

The trial court denied the writ of mandamus solely on its conclusion that the computer list was a pupil record. We therefore remand this matter for the trial court's consideration of the other factors relating to issuance of a writ of mandamus. *See generally Miller v. Smith,* 100 Wis. 2d 609, 621, 302 N.W.2d 468, 474 (1981).

*By the Court.*—Judgment reversed and cause remanded.

---

[1] Effective April 27, 1982, the statute was modified to add directory data to the list of protected pupil records. We need not decide whether this modification is retroactive because we conclude that the computer list requested in this case is not a pupil record under either version of the statute.