MARLENE CUMMINGS, Secretary Department of Regulation and Licensing
Your predecessor asked whether the Examining Board of Architects, Professional Engineers, Designers and Land Surveyors may adopt a rule requiring land surveyors applying for Wisconsin registration under the reciprocity provision to pass an examination on knowledge of Wisconsin practice and procedures. The board is concerned that surveyors from other states applying for Wisconsin registration may not know Wisconsin practices and procedures.
The proposed rule would read: "An applicant applying for registration as a land surveyor under section 443.06 (2)(d), Stats. shall show knowledge of Wisconsin land surveying practices and procedures by completing the 4 hour `state' part of the Principles and Practice Examination as described in s. 6.04, Wis. Adm. Code."
The pertinent portion of section 443.06, Stats., provides:
 (2) . . . The section may grant a certificate of registration as a land surveyor to any person who has submitted to it an application, the required fees and one or more of the following:
. . . .
 (d) An unexpired certificate of registration as a land surveyor issued to the applicant by the proper authority in any state or territory or possession of the United States or in any other country whose requirements meet or exceed the requirement for registration in this subsection.
It is my opinion that the board may not validly promulgate the proposed rule.
Section 443.06 (2) specifies the conditions under which the land surveyors section may grant a certificate of registration to land surveyors. Several alternative combinations of prerequisite qualifications are provided and three of the alternative combinations *Page 50 
require the taking and passing of a written and oral examination. The reciprocity alternative under consideration does not. It merely requires a valid certificate of registration issued by another state, territory or possession of the United States or any other country whose requirements for certification equal or exceed Wisconsin's requirements for certification.
The statutory provision under consideration provides that the section "may grant a certificate" if one of the alternative combination of prerequisite qualifications is met. While generally the word "may" in a statute will be construed as permissive, it will not be so construed where a different construction is demanded by statute in order to carry out the intent of the Legislature. Miller v. Smith 100 Wis.2d 609,302 N.W.2d 468 (1981). It is my opinion that the statute may not be read to be permissive rather than mandatory. If the statutory provision is not given a mandatory construction, the board could legally decide to withhold a certificate of registration to an applicant even though he or she met the qualifications established by the Legislature.
An examining board may not lawfully deny an applicant for licensure, under a reciprocity statute, based upon a board rule establishing an additional qualification for licensure, if the applicant otherwise meets the criteria established by statute,Application of State Board of Medical Examiners, 201 Okla. 365,206 P.2d 211 (1949), and an applicant under such circumstances may compel board action by mandamus. Levin v. Board of MedicalExaminers of California, 74 Cal. 104, 239 P. 410 (1925).
The Legislature has established the criteria for the granting of a certificate of registration applied for under the reciprocal provision. The criteria are explicit. The proposed rule would add a condition not contemplated in the statute, and thus would not be a correct interpretation of the law. Section 227.10 (2) provides: "No agency may promulgate a rule which conflicts with state law." And section 227.11 (2)(a) provides that a rule of an agency "is not valid if it exceeds the bounds of correct interpretation."
This opinion is consistent with one issued in 1978, OAG 73-78, wherein it was concluded that the board could not validly promulgate a rule requiring non-resident land surveyors applying for reciprocal registration under the same statutory provision, then section *Page 51 
443.02 (3)(a)4., to take and pass the same examination as given to state applicants.
Reliance may be placed on an attorney general's interpretation of a statute where the statute has been amended or reenacted without a material change in the language construed by the attorney general. Town of Vernon v. Waukesha County,99 Wis.2d 472, 479, 299 N.W.2d 593 (Ct.App. 1980), affd,102 Wis.2d 686, 307 N.W.2d 227 (1981).
In this case, chapter 443 has been amended at least fifteen times by the 1979, 1981 and 1983 Legislatures, including a vast revision by chapter 167, Laws of 1979, but the provision under consideration has remained unchanged. I must therefore conclude that the Legislature concurs with the 1978 opinion.
The current request for an opinion may have been prompted by the last paragraph in the 1978, OAG 73-78, opinion which reads: "The legitimate concern of the Board that out-of-state applicants should be knowledgeable regarding land surveying procedures and practices peculiar to Wisconsin probably would justify a rule requiring applicants to demonstrate that knowledge, by examination or otherwise, but only to a reasonable degree consistent with the public interest."
The quoted language from the 1978 opinion is inconsistent with the opinion itself and is inconsistent with the conclusion I reach in this opinion. It is an incorrect statement of the law and the quoted language is withdrawn.
DJH:WHW *Page 52