STATE of Wisconsin EX REL. Floyd W. LEWANDOWSKI,
Petitioner-Appellant-Petitioner,

v.

Richard CALLAWAY, in his capacity as Attorney-Chair-
man of a formal panel of the Wisconsin Patient
Compensation Panels, and Joseph D. Hill, in his ca-
pacity as director of Wisconsin Patient Compensa-
tion Panels, Respondents,

Vernon GRIFFIN, M.D.,† and Hess Memorial Hospital,
Intervenors-Respondents.
[Case No. 81–1313.]

Floyd W. LEWANDOWSKI, Plaintiff-Appellant-Petitioner,

v.

Vernon GRIFFIN, M.D.,† and Hess Memorial Hospital,
Defendants-Respondents.
[Case No. 82–1344.]

Supreme Court

*Nos. 81–1313, 82–1344. Argued March 1, 1984.—*
*Decided April 12, 1984.*

(Also reported in 346 N.W.2d 457.)

† Motion for reconsideration denied May 24, 1984.

For the petitioner there were briefs by *Daniel T. Flaherty, James P. Gokey, Ellen M. Frantz* and *Johns, Flaherty & Gillette, S.C.*, La Crosse, and oral argument by *Brent Smith*.

For the respondent, Vernon Griffin, M.D., there was a brief by *Barbara L. Block* and *Boardman, Suhr, Curry & Field*, Madison, and oral argument by *Ms. Block*.

For the respondent, Hess Memorial Hospital, there was a brief by *Eugene O. Gehl, Bruce A. Schultz* and *Brynelson, Herrick, Gehl & Bucaida*, Madison, and oral argument by *Mr. Schultz*.

WILLIAM A. BABLITCH, J. Floyd Lewandowski seeks review of a decision denying him a writ of mandamus. The writ he sought would have compelled a Wisconsin Patients Compensation Panel to consider his motion to reopen his case and to review its order which dismissed his case before the panel. Because we conclude that Lewandowski has a statutory right to have the panel consider his motion to reopen his case, we reverse the court of appeals' decision and remand to the circuit court

with directions to enter the writ of mandamus to compel the patients compensation panel to consider Lewandowski's motion to reopen his case.[1]

The issues presented for review are:

(1) Did the circuit court abuse its discretion in quashing the writ of mandamus that Lewandowski sought to compel the patients compensation panel to consider his motion to reopen his case under sec. 806.07, Stats., to determine whether it should grant him relief from an order dismissing his case before the panel? We conclude that it abused its discretion in quashing the writ.

(2) If Lewandowski has a right to have the panel consider his motion to reopen, did he lose that right because he filed his motion more than 120 days after the panel issued its dismissal order? We conclude that Lewandowski did not lose his right to have the panel consider his motion to reopen even though he brought the motion more than 120 days after the dismissal order was issued.

(3) Was Lewandowski denied due process of law by the circuit court's dismissal of his medical malpractice action, by the circuit court's denial of the writ of mandamus, and by the panel's failure to reopen his case? We conclude that because mandamus must issue to com-

[1] Lewandowski also sought review of a decision affirming an order dismissing a medical malpractice action that he had filed in circuit court. (Case no. 82–1344.) In his appeal in that case to the court of appeals, Lewandowski argued that the circuit court erred in dismissing the malpractice action that he had filed in court. The court of appeals concluded that the dismissal of his circuit court malpractice action was proper. In seeking review of the court of appeals' decision in case no. 82–1344, Lewandowski has not argued to this court that the court of appeals' conclusion on that issue was erroneous. Indeed, he conceded at oral argument that the circuit court properly dismissed his malpractice action. We agree with the court of appeals' conclusion in case no. 82–1344, and we therefore affirm the decision in case no. 82–1344 affirming the order dismissing his malpractice action.

pel the panel to consider Lewandowski's motion to reopen his case before the panel, this affords him an opportunity to be heard that is sufficient to satisfy any due process requirements.

On December 21, 1979, Lewandowski filed a submission of controversy with a Wisconsin Patients Compensation Panel pursuant to sec. 655.04, Stats. In his claim, he alleged negligence on the part of Vernon Griffin, a physician, and Hess Memorial Hospital (Hess). A prehearing conference was held on March 5, 1980, before Richard Callaway, the attorney-chairman of the panel.

On March 14, 1980, Callaway entered an order directing Lewandowski to disclose to the defendants the names of his expert witnesses within 60 days. The order stated that failure to submit the names within the specified time period would result in a dismissal of the case on its merits. Lewandowski's attorney failed to disclose the names within the 60 day period as required by the order. Lewandowski claims that he had no knowledge of his attorney's failure to comply with the March 14 order. On May 12, 1980, Callaway signed an order dismissing Lewandowski's claim on its merits.

On October 2, 1980, Lewandowski filed a motion with the patients compensation panel for an order reopening his case. Lewandowski's attorney also wrote letters to Callaway and to Joseph Hill, director of the Wisconsin Patients Compensation Panels, requesting a hearing before the panel to provide Lewandowski the opportunity to present reasons why the panel should reopen his case. On October 10, 1980, Hill wrote to Lewandowski's attorney, stating that he declined to reopen the case because of the May 12, 1980, order dismissing the case on its merits. On October 28, Callaway wrote to the attorney, informing him that the case would not be reopened because the panel no longer had jurisdiction. Hill subsequently informed Lewandowski's attorney that he declined to reopen the case because he believed there was

no statutory authority allowing him to do so. On November 18, 1980, Callaway wrote to Lewandowski's attorney, again stating that he believed he had no jurisdiction over the matter.

On December 17, 1980, Lewandowski filed a petition with the circuit court for a writ of mandamus. Lewandowski sought to compel Callaway and Hill to schedule a hearing to determine whether under sec. 806.07, Stats., Lewandowski should be relieved from the May 12, 1980, order dismissing his case. Lewandowski also filed an affidavit in support of the petition for the writ of mandamus. On December 17, the circuit court issued the writ, ordering Callaway and Hill to schedule a hearing pursuant to secs. 655.17(1) and 806.07, to determine whether the panel would reopen Lewandowski's case.

Hill filed a motion to quash the writ of mandamus. Griffin and Hess Memorial Hospital subsequently intervened in the proceedings and also filed motions to quash the writ. The circuit court granted the motion to quash, holding that mandamus was an inappropriate remedy to compel the panel to reopen Lewandowski's case, and that the panel lacked jurisdiction to reconsider its order dismissing Lewandowski's claim.

Lewandowski appealed the judgment quashing the writ. The court of appeals affirmed the judgment. (Case no. 81–1313.) Lewandowski then filed a petition for review with this court, which we granted.

Lewandowski argues that the patients compensation panel had a clear legal duty to consider his motion to reopen his case and review whether he should be granted relief from the May 12, 1980, order dismissing his case before the panel. Lewandowski contends that mandamus is an appropriate method to compel the panel to exercise its discretion to review the May 12, 1980, order, and that the circuit court therefore abused its discretion in quashing the writ.

It is within the circuit court's discretion to grant or deny a writ of mandamus. *Miller v. Smith,* 100 Wis. 2d 609, 621–22, 302 N.W.2d 468 (1981). The decision granting or denying a writ will be affirmed on appeal unless the court abused its discretion. *Id.*

Mandamus is an extraordinary legal remedy, and one seeking a writ must establish that it is based on a clear, specific legal right that is free from substantial doubt. *Eisenberg v. ILHR Department,* 59 Wis. 2d 98, 101, 207 N.W.2d 874 (1973). It is the proper remedy to compel a public officer to perform his or her statutory duties. *State ex rel. Hurley v. Schmidley,* 48 Wis. 2d 659, 662–63, 180 N.W.2d 605 (1970).

When the action sought to be compelled is discretionary, mandamus will not lie. *State ex rel. Althouse v. Madison,* 79 Wis. 2d 97, 106, 255 N.W.2d 449 (1977). However, mandamus is appropriate to compel the exercise of discretion. *Id.* Although the statutes that allegedly create the duty which Lewandowski seeks to compel may be unclear and may require statutory construction, that does not mean that mandamus is an inappropriate remedy. *Id.*

In this case, Lewandowski argues that the panel's duty to consider his motion to reopen to determine whether it should grant him relief from the dismissal order is created by secs. 655.17(1), Stats., and 806.07. He therefore asserts that he has a clear and specific legal right to have the panel consider his motion. We agree.

Section 655.17(1), Stats., is part of the chapter governing patients compensation proceedings. That statute provides in pertinent part: "Formal panel; hearing. (1) Except as otherwise provided in this chapter, a formal panel shall be bound by the law applicable to

civil actions. . . ." Chapter 655 is silent concerning the possible procedure that a panel is to follow when a party requests that the panel review a prior order dismissing a case to determine whether it should grant relief from that order. Therefore, under sec. 655.17(1), we must look to the law applicable to civil actions to determine what procedure governs consideration of a motion to reopen a case that previously was dismissed.

Section 806.07(1), Stats., which governs civil actions, grants to courts the power to ". . . relieve a party or legal representative from a judgment, order or stipulation . . ." upon a motion for relief and upon a showing that one of the reasons for relief specified in the statute is satisfied. That statute is cited in full below.[2] Because ch. 655 is silent concerning the procedure a panel should follow in determining whether to review a prior order dismissing a claim, and because sec. 655.17(1) mandates that under those circumstances, a panel must be bound by the law applicable to civil actions, we conclude that Lewandowski has a clear and specific legal right to have the panel consider his motion under sec. 806.07 to deter-

[2] Section 806.07(1), Stats., provides:

"Relief from judgment or order. (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

"(a) Mistake, inadvertence, surprise, or excusable neglect;

"(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);

"(c) Fraud, misrepresentation, or other misconduct of an adverse party;

"(d) The judgment is void;

"(e) The judgment has been satisfied, released or discharged;

"(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

"(g) It is no longer equitable that the judgment should have prospective application; or

"(h) Any other reasons justifying relief from the operation of the judgment."

mine whether to grant him relief from the order dismissing his claim. We note that in 71 Op. Atty. Gen. 1 (1982), the attorney general concluded that a patients compensation panel has the power under sec. 806.07 to grant relief from a judgment, order or stipulation. Although attorney general opinions are not controlling precedent, *City of Madison v. Town of Fitchburg,* 112 Wis. 2d 224, 237, 332 N.W.2d 782 (1983), we believe that the discussion in 71 Op. Atty. Gen. 1 (1982) concerning a panel's power to grant relief under sec. 806.07 is a correct analysis of the law.

We therefore hold that because the panel has a duty under secs. 655.17(1), Stats., and 806.07 to consider Lewandowski's motion to reopen to determine whether it should grant him relief from its order dismissing his claim, Lewandowski has a clear and specific legal right to have the panel consider his motion. Although mandamus would be an inappropriate remedy to compel the panel to grant Lewandowski relief from the May 12, 1980, order, since that would be a discretionary action by the panel, that is not the relief Lewandowski seeks. Lewandowski seeks to compel the panel to exercise its discretion under sec. 806.07 to determine whether he should be granted relief from the May 12, 1980, order under the criteria specified in that provision. Under those circumstances, mandamus is an appropriate remedy, and the circuit court abused its discretion in quashing the writ.

Griffin and Hess nevertheless contend that even if Lewandowski has a right to have the panel consider his motion to reopen under sec. 806.07, Stats., that right is subject to the 120-day time limitation of sec. 655.19. That statute provides in relevant part:

". . . Unless the parties have stipulated in writing under s. 655.07 to be bound by the panel determination, any party to a panel hearing may, within 120 days after the date of an order made by a panel, commence an action

for a trial in the circuit court for the county designated in the submission of controversy under s. 655.04. . . ."

In this case, Lewandowski filed his motion to reopen 143 days after the May 12, 1980, order dismissing his claim. Griffin and Hess argue that any right Lewandowski has to have the panel consider his motion to reopen under sec. 806.07, Stats., was lost because he brought his motion more than 120 days after the panel issued the order. We disagree.

The 120-day limitation in sec. 655.19, Stats., governs the time period within which a party to a patients compensation panel hearing may commence an action for a trial in circuit court after the panel issues an order. In *Tamminen v. Aetna Casualty & Surety Co.,* 109 Wis. 2d 536, 327 N.W.2d 55 (1982), we discussed the time limitation in sec. 655.19 and equated it to the limits imposed by statutes that govern an appeal from a final order or judgment of the circuit court. We also noted that such time limits are jurisdictional. *See* 109 Wis. 2d at 545.

It is clear from the language of sec. 655.19, Stats., that this provision relates to the time period during which the *circuit court* may assume jurisdiction over an action brought under that statute. There is nothing in the statutory language to indicate that it was intended to impose a time limitation on the *panel's* jurisdiction to consider whether it should grant relief under sec. 806.07 from a prior order dismissing a claim. We therefore conclude that the 120-day limitation of sec. 655.19 does not apply as a limitation on the panel's jurisdiction to determine whether it should grant Lewandowski relief under sec. 806.07 from its prior order dismissing his claim.

Hess argues that because Lewandowski waited 143 days after the May 12, 1980, order to file his motion

with the panel, the motion was not brought within a "reasonable time" as required under sec. 806.07(2), Stats. Section 806.07(2) sets forth the time requirements for bringing a motion under sec. 806.07, and states in pertinent part: "The motion shall be made within a reasonable time, and, if based on sub. (1)(a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. . . ."

In reviewing a determination by a circuit court that a motion made pursuant to sec. 806.07, Stats., was not brought within a reasonable time under sec. 806.07 (2), we have held that the court should consider the particular facts and circumstances of each case in deciding whether the reasonable time requirement was satisfied. *Rhodes v. Terry,* 91 Wis. 2d 165, 173, 280 N.W.2d 248 (1979). In this case, the record indicates that Callaway's denial of Lewandowski's motion was not based on a conclusion that Lewandowski had failed to bring the motion within a reasonable time; rather, Callaway merely concluded that the panel lacked jurisdiction to consider the motion. The panel made no findings concerning whether Lewandowski had satisfied the reasonable time requirement under sec. 806.07 (2). Further, there is insufficient evidence in the record to enable us independently to make that determination. We therefore conclude that the panel must first determine whether Lewandowski brought his motion to reopen within a reasonable time under sec. 806.07(2). If the panel finds that Lewandowski satisfied the reasonable time requirement of sec. 806.07(2), it must then consider whether it should grant relief under sec. 806.07 (1) from the order dismissing his claim.

Lewandowski argues that he was denied due process by the circuit court's dismissal of his malpractice action, by the court's denial of the writ of mandamus,

and by the panel's failure to reopen his case and to hold a hearing on the dismissal. He contends that he has not had an opportunity to be heard before the panel or in circuit court on the panel's dismissal of his claim.

In his petition for the writ of mandamus, Lewandowski sought to compel the panel to hold a hearing to determine whether it would grant relief from the May 12, 1980, dismissal order under sec. 806.07, Stats. At oral argument, however, Lewandowski stated that the relief he was seeking was not necessarily to compel the panel to have a hearing; rather, it was to compel the panel to consider his motion to reopen and an affidavit that his attorney had filed.

Because we have held that mandamus must issue to compel the panel to consider Lewandowski's motion to reopen under sec. 806.07, Stats., we conclude that this affords him an opportunity to be heard that is sufficient to satisfy any due process requirements that may be implicated under the circumstances of this case. Although Lewandowski originally sought to compel the panel to hold a hearing on his motion, sec. 806.07 does not expressly require that a hearing be held when a motion brought pursuant to that statute is considered. However, we note that the panel's exercise of discretion under sec. 806.07 in determining whether to grant relief from the order dismissing Lewandowski's claim must depend on facts that are of record or that are reasonably derived by inference from the record. *See Howard v. Duersten,* 81 Wis. 2d 301, 305, 260 N.W.2d 274 (1977). The panel may therefore need to schedule a hearing on the motion to reopen to ensure that there are sufficient facts of record on which to base its exercise of discretion in deciding whether to vacate the May 12, 1980 order.

*By the Court.*—The decision of the court of appeals in case no. 81–1313 is reversed and cause remanded

to the circuit court with directions to enter the writ of mandamus to compel the patients compensation panel to consider Lewandowski's motion to reopen his case and determine whether he should be granted relief under sec. 806.07, Stats., from the panel's order dismissing his claim. The decision of the court of appeals in case no. 82–1344 is affirmed.