Patricia **BERTORELLO** and Fred Bertorello, Plaintiffs,

v.

**ST. JOSEPH'S HOSPITAL OF MARSH-FIELD, INC., H.G. Vanderspek, M.D., Dr. Kelman, Dr. Guzowski, Defendants.**

No. 86–C–711–C.

United States District Court, W.D. Wisconsin.

May 20, 1988.

Tyrone P. Bujold, Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., for plaintiffs.

Jonathan M. Menn, Appleton, Wis., Walter H. Piehler, Wausau, Wis., for defendants.

## ORDER

CRABB, Chief Judge.

This civil action for monetary damages for alleged medical malpractice is before the court on defendants' motions for reconsideration of the order entered herein on November 25, 1987. In that order I held that plaintiffs' suit was not barred by their failure to comply with the statutory requirement that they file a request for mediation within 10 days of filing a civil suit for damages, bodily injury or death based on professional services rendered by a health care provider. Wis.Stats. § 655.445.

Although defendants style their present motions as motions for reconsideration, in reality they are raising an entirely new issue as a basis for dismissal of this case: plaintiffs' failure to complete the mediation process within the 90 days provided by the applicable statute, Wis.Stats. § 655.465(7). Defendants contend that timely completion of mediation is a mandatory precondition for prosecution of a medical malpractice suit and that plaintiffs' failure to comply deprives the court of jurisdiction to entertain the action. Alternatively, they contend that the suit should be dismissed as a sanction for plaintiffs' dilatoriness in prosecuting it. I conclude that timely completion of mediation is not a jurisdictional prerequisite to suit and that because the dilatoriness was that of plaintiffs' counsel, not plaintiffs, dismissal of the suit is not a proper sanction in this case.

For the purpose of deciding this motion, I find as fact the allegations of plaintiffs' complaint and make additional findings of fact from the court file and from the affi-

davits submitted by defendants relevant to the mediation proceedings.

## FACTS

Plaintiffs and defendants are residents of different states. On May 7, 1984, defendant Kelman performed a bifrontal craniotomy on plaintiff Patricia Bertorello, to remove a bifrontal meningioma. The operation was performed at the defendant hospital. Following the operation, the agents of the defendant hospital failed to exercise proper care of plaintiff Patricia Bertorello. As a result, she fell from her hospital bed on three occasions: June 13, 1984; June 27, 1984; and June 30, 1984. The falls caused her an injury to her shoulder and severe hemorrhaging in the brain, for which a second craniotomy was required to remove an acute subdural hematoma. The defendant doctors failed to supervise plaintiff Patricia Bertorello's postoperative care, failed properly and promptly to diagnose the hemorrhaging, failed to make themselves aware of the administration of blood thinning agents, and failed to take proper precautions in plaintiff Patricia Bertorello's postoperative care, all of which caused her to sustain injuries and damages in the amount of $250,000.

Plaintiffs' law suit was filed in this court on September 25, 1986.

In March 1987, defendants filed motions to dismiss. Plaintiffs did not respond to the motions until August 4, 1987, after I had entered an order requiring them to show cause why the case should not be dismissed for their failure to prosecute. Simultaneously with the filing of the brief, plaintiffs filed a request for mediation. In a letter dated August 7, 1987, Randy F. Sproule, Administrator, Medical Mediation Panels, wrote to the defendant doctors and the hospital informing them that they had been named as respondents in a request for mediation, that the matter would be assigned to a Medical Mediation Panel, and that a mediation session would be scheduled within 90 days. Counsel for the defendant doctors responded to the letter from Sproule in a letter dated August 19, 1987, advising Sproule that they took the position that the plaintiffs' request for mediation was untimely and a ground for dismissal of the action. Sproule responded on August 21, 1987, stating that the scheduling of the mediation session would be held in abeyance until the procedural posture of the case had been resolved by the court.

On November 25, 1987, I denied the motions to dismiss in an unpublished order and directed plaintiffs to proceed promptly with mediation.

Sproule sent the parties a notice of mediation dated December 3, 1987, scheduling a mediation hearing for January 20, 1988. Also, he directed plaintiffs' counsel to supplement her mediation request with a general itemization of damages and an indication of the amount for which she would be willing to settle the case. Plaintiffs' counsel did not respond to the administrator's request. As a consequence, he cancelled the scheduled mediation session.

Defendants never agreed to extend the mediation period.

In response to defendants' advice that plaintiffs' counsel had not responded to the administrator's directive, I entered an order requiring plaintiffs' counsel to show cause at a hearing on March 24, 1988, why the case should not be dismissed and sanctions imposed on plaintiffs' counsel. At the hearing, I concluded that sanctions should be imposed upon plaintiffs' counsel, but that the case should not be dismissed because plaintiffs were not responsible for the delays and were attempting to retain new counsel. Defendants' counsel asked, and I agreed, to delay a decision on the dismissal of the case until they had completed briefing on their motion to reconsider.

## OPINION

Wisconsin's medical malpractice mediation system was enacted into law in 1986. It replaced a system of patients compensation panels that had been in effect for eleven years and had engendered considerable criticism for the extra burdens of time and expense it added to the resolution of medical malpractice claims. *State ex rel.*

*Strykowski v. Wilkie,* 81 Wis.2d 491, 522–523, 261 N.W.2d 434, 449 (1977). The mediation system was intended to provide malpractice claimants "with an informal, inexpensive and expedient means for resolving disputes without litigation...." Wis.Stat. § 655.42.

Beginning September 1, 1986, any person having a medical malpractice claim has been required to file a request for mediation within 15 days after the date of filing an action in court. Wis.Stat. § 655.445. In response to the filing of a request for mediation, the director of the mediation panels must appoint a mediation panel. "The director may change the date, time or place of the mediation session as necessary to accommodate the parties, subject to the requirement that the mediation session be held before the expiration of the mediation period...." Wis.Stat. § 655.465(1). The statutes provide that:

> [t]he period for mediation shall expire 90 days after the director receives a request for mediation if delivered in person or within 93 days after the date of mailing of the request to the director if sent by registered mail, or within a longer period agreed to by the claimant and all respondents and specified by them in writing for purposes of applying § 655.44(4) and (5) and 655.445(3).

During the period of mediation, the statutes of limitation are tolled. Wis.Stat. § 655.445(2). No discovery, pretrial conference, or scheduling conference is to take place in any court action until the expiration of the mediation period. Wis.Stat. § 655.445(3).

The statutes say nothing about the way in which the mediation process is to be conducted, except to provide that the panels are "to assist in the resolution of disputes regarding medical malpractice," Wis. Stat. § 655.42(2), the mediation is not to be recorded, the panels are not to subpoena witnesses, and the findings of the panels are not to be used in evidence in any court action. Wis.Stat. § 655.58. The statutes are conspicuously silent about the consequences that attach to the failure of the claimant to file a request for mediation or to the failure of the parties to participate in the mediation process.

Plaintiffs do not dispute that their request for mediation was not acted upon within 90 days and that they did not arrange for an extension of time within the 90-day period. They point out, however, that it was their attorney's dilatoriousness in failing to respond to the administrator's requests for damages and a settlement amount that prevented their request for mediation from being acted upon within the time period provided by the statute, and she has now been replaced by new counsel. They contend that completion of mediation within 90 days is not jurisdictional and that since it is not, they should not be barred from completing the mediation process.

Defendants contend that the clear import of the statutory mediation scheme is that timely participation in the mediation process is mandatory and failure to complete mediation within the 90 days provided by statute bars plaintiffs from proceeding with their action in this court. Defendants point to the statutory constraints upon the director's authority to change the date of the mediation session beyond the mediation period. Also, they argue that the legislature's intent to make mediation mandatory is shown by the fact that before it enacted § 655.445 *et seq.,* the legislature had before it for consideration an alternative proposal for a permissive system of mediation. Under this proposal, mediation would have taken place only if both parties requested it and any party could have withdrawn from the mediation process at any time. Thus, in enacting § 655.445 in its present form, the legislature was making a conscious decision in favor of mandatory mediation. This conclusion is bolstered, according to defendants, by the fact that the statute would be rendered meaningless unless it is construed as requiring mediation as a condition to litigation. If the mediation process could be avoided by a claimant simply by delaying until the period of mediation expired, no claimant would bother with mediation at all. This would be an absurd result at odds with the intent and language of the statute.

■ I agree with the defendants that plaintiffs must participate in mediation before they can continue prosecution of their suit in this court. To allow them to avoid the process by failing to cooperate with it would undermine the mediation system worked out so carefully by the legislature. It is a different question, however, whether their failure to complete the mediation process within 90 days should deprive them of the right to relief in any forum. Defendants' arguments from the statutory language and legislative history support their position that participation in mediation is mandatory; they do not support the position that timely completion of the process is jurisdictional.

■ Indeed, the obvious intent of the statutory scheme is to interpose no more than a 90–day delay in the litigation process. If the process cannot be completed within that time, plaintiffs may proceed with the prosecution of their claims in court.

Under defendants' view of the statute, even a legitimate request for a stay of mediation, to say nothing of the normal vagaries of life (weather, illness, a backlog of requests, a vacancy in the mediation panel staff), would have the effect of preventing claimants from proceeding in court with their medical malpractice suits. That, in my opinion, would be as absurd a result as the one postulated by defendants. Health care providers would have untoward leverage if the statute were construed to make timely completion of the mediation process a jurisdictional prerequisite: if they could stall sufficiently, they could avoid litigation as well as mediation. In this case, for example, it was defendants who caused the first period of mediation to expire without a mediation session by requesting a stay until the resolution in this court of their motions to dismiss.

■ Defendants' alternative reading of the statute is far more plausible, that is, that the provision for a 90–day time period is intended to be directory, rather than jurisdictional, and that the mediation panel administrator and the courts retain the discretion to determine the proper sanctions to be applied to violations of the statutory requirements. Thus, if it is shown that plaintiffs had refused to comply with the process, dismissal of the mediation request, and with it the right to continue prosecution of the lawsuit, might be a proper remedy; on the other hand, if it were the defendants who had been uncooperative, or if some neutral event had prevented the mediation session from taking place, it would be appropriate for the court or the administrator to grant an extension of time for the mediation to be completed or proceed to hear the civil suit without requiring the plaintiff to complete the mediation process.

This view is in accord with the judicial interpretations of the patients compensation panels, the predecessor to the mediation system. *See, e.g., Mazurek v. Miller,* 100 Wis.2d 426, 303 N.W.2d 122 (Ct.App.), *cert. denied,* 454 U.S. 896, 102 S.Ct. 395, 70 L.Ed.2d 212 (1981) (plaintiff whose claim dismissed by patients compensation panel as sanction for failure to comply with disciplinary order did not have automatic right to trial de novo in state circuit court). *See also State ex rel. Lewandowski v. Callaway,* 118 Wis.2d 165, 346 N.W.2d 457 (1984) (requiring patients compensation panel to consider motion to reopen proceedings closed as sanction for claimant's attorney's failure to disclose names of expert witnesses). It is in accord also with the legislature's intent to provide medical malpractice claimants an informal and an expedient means of resolving claims. An interpretation that held claimants to precise and inflexible requirements as a prerequisite to court action would not carry out the legislature's expressed intent. On the other hand, permitting claimants to drag out the mediation process for no valid reason would also frustrate the system. It seems reasonable for the legislature to have left the monitoring of compliance to the administrator and the courts.

■ In summary, I conclude that plaintiffs are not barred automatically from proceeding with their suit in this court by their attorney's failure to comply with the requests of the mediation administrator. Defendants have failed to show that the court

lacks jurisdiction over plaintiffs' suit. I continue to believe that dismissing the case is not an appropriate sanction to impose upon plaintiffs for their attorney's failings. They have retained substitute counsel who are prosecuting the case vigorously.

## ORDER

IT IS ORDERED that defendants' motion to dismiss this suit for lack of jurisdiction is DENIED. The parties are to resume their efforts at mediation pursuant to Wis.Stat. § 655.445 *et seq.*