STATE EX REL. Debra CHRISTIE, Petitioner-Appellant,

v.

Susan VANDE ZANDE, Respondent-Respondent.

Court of Appeals

*No. 93–2758. Submitted on briefs April 26, 1994.—Decided September 21, 1994.*

(Also reported in 523 N.W.2d 166.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of Debra Christie, pro se.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Alan Lee*, assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

ANDERSON, P.J. Christie appeals from an order denying her petition for writ of mandamus. The writ would have ordered Susan Vande Zande, the registrar of the Taycheedah Correctional Institution (registrar), to provide Christie with a photocopy of a population list for Taycheedah. Christie argues that it was contrary to § 19.35(3)(f), STATS., for the registrar to require prepayment of photocopying fees of $.75. We conclude that the registrar's procedure which requires a showing that a fee disbursement has been applied for does not violate the statute. However, we also conclude that Christie's petition raises an issue not addressed by the trial court regarding whether Christie's fee disbursement request was unjustly denied. We remand this case to the trial court to resolve this issue.

Christie's petition for writ of mandamus alleged the following. Christie filed an open records request with the registrar which asked for a "complete unedited version" of Taycheedah's population list. The registrar issued a record request response which stated:

The following procedure has been carried out in response to your request. A copy of the TCI population listing has been authorized by [the security

593

director]. Upon receipt of a money disbursement form in the amount of .75 cents your copy of the TCI population listing will be forwarded to you.

Christie contended that this request constituted "prepayment of an OPEN RECORDS REQUEST" in violation of § 19.35(3)(f), STATS.

Christie also alleged that she sent a money disbursement application to the registrar, but the registrar denied the application. She claimed that the denial left her "to believe that the [registrar] has no intentions of honoring [Christie's] OPEN RECORDS REQUEST."

The trial court held that Christie's petition failed to state a claim under the open records law. The court concluded that the $.75 fee is authorized by § 19.35(3)(a), STATS., which allows the registrar to charge a fee for photocopying. However, the court's decision neglected to address Christie's claims regarding the denial of her disbursement application.

■

The trial court's decision to grant or deny a petition for writ of mandamus will be upheld unless the court misused its discretion. *State ex rel. Lewandowski v. Callaway,* 118 Wis. 2d 165, 171, 346 N.W.2d 457, 459-60 (1984). A trial court misuses its discretion if it exercises its discretion on the basis of an error in law. *Honore v. Honore,* 149 Wis. 2d 512, 514-15, 439 N.W.2d 827, 828 (Ct. App. 1989). "Mandamus is an extraordinary legal remedy, and one seeking a writ must establish that it is based on a clear, specific legal right that is free from substantial doubt. It is the proper remedy to compel a public officer to perform his or her statutory duties." *Lewandowski,* 118 Wis. 2d at 171, 346 N.W.2d at 460 (citations omitted).

We agree with the trial court and registrar that a custodian may charge a reasonable fee for copying a record. While a requester has a right to inspect any public record unless otherwise provided by law, *see* § 19.35(1)(a), STATS., Wisconsin law authorizes the imposition of a fee for reproduction which does not exceed the actual, necessary and direct cost. *See* § 19.35(3)(a). Christie argues that because the charge for photocopying was less than $5, she cannot be required to prepay the fee. *See* § 19.35(3)(f). However, the Record Request Response did not require her to prepay the fee; it merely asked that she begin processing the dispersal request. Such a response does not violate § 19.35.

Christie's petition also states that she provided the money dispersal application to the registrar, the registrar denied it, and that since the denial she believes that the registrar will not grant her open records request. By stating that she supplied the registrar with the document upon which her open records request was conditioned and that she has not received the requested photocopies, her petition states a clear and specific legal right. *See Lewandowski,* 118 Wis. 2d at 171, 346 N.W.2d at 460. Therefore, we reverse and remand to the trial court to conduct further proceedings related to this claim.

*By the Court.*—Order reversed and cause remanded with directions.