**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 6, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2016AP2505
2017AP1619**

Cir. Ct. No. 2011CF423

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

SEAN T. PUGH,

    DEFENDANT-APPELLANT.

        APPEALS from orders of the circuit court for Brown County: KENDALL M. KELLEY, Judge. *Affirmed.*

        Before Stark, P.J., Hruz and Seidl, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Sean Pugh, pro se, appeals two orders denying successive motions and relief he sought through letters he filed in the circuit court seeking the appointment of counsel, postconviction discovery, and postconviction relief from a 2013 judgment of conviction for multiple drug offenses.  Pugh has previously filed a direct appeal and a petition for a writ of habeas corpus arising from the same case, both with the assistance of counsel.  We conclude that Pugh's current claims for relief from the judgment of conviction are procedurally barred by the prior proceedings and that the court properly denied Pugh's request for the appointment of counsel given the procedural posture of the case.

## BACKGROUND

¶2    We will not repeat here the facts of the underlying case, which we set forth in an opinion rejecting on direct appeal challenges Pugh raised to the admission of other acts evidence and the amendment of the Information.  *See **State v. Pugh***, No. 2013AP1522-CR, unpublished slip op. ¶¶2-7 (WI App Oct. 21, 2014).  Only the subsequent procedural history is relevant to these appeals.

¶3    After the denial of his direct appeal, Pugh retained private counsel with the help of his family and filed both a motion in the circuit court seeking postconviction relief under WIS. STAT. § 974.06 (2017-18)[1] and a petition in this court seeking a writ of habeas corpus.  In the § 974.06 motion, Pugh claimed: (1) the State had failed to disclose impeachment material favorable to Pugh's defense—namely, that two of the State's witnesses had received consideration for their testimony; and (2) his trial counsel provided ineffective assistance by failing

_____

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

to impeach one witness with prior inconsistent statements and disclosure of her probation status, failing to interview and impeach another witness, and failing to object to that witness's other acts testimony. Pugh further alleged that his postconviction counsel provided ineffective assistance by failing to raise those issues, and that the ineffectiveness of both his trial and postconviction/appellate counsel provided a sufficient reason for why Pugh had not previously raised the issues.[2] In the writ petition, Pugh raised identical claims that he had been denied the effective assistance of postconviction/appellate counsel by his counsel's failure to challenge the State's failure to disclose impeachment material favorable to the defense and his trial counsel's failure to investigate and elicit impeachment evidence, and to object to witness testimony. ***Pugh v. Richardson***, No. 2016AP943-W, unpublished op. and order at 3 (WI App Sept. 22, 2016).

¶4 This court denied Pugh's writ petition on the dual grounds that the additional issues Pugh claimed appellate counsel should have raised on appeal were not "clearly stronger" than the issues he did raise, and that none of the additional issues could have reasonably affected the outcome of the trial, given the overwhelming evidence of Pugh's guilt. ***Id.*** at 4. The circuit court then denied Pugh's WIS. STAT. § 974.06 motion "as moot." Pugh's counsel was permitted to withdraw following the denial of the writ petition and the § 974.06 motion.

¶5 Pugh subsequently filed a series of pro se letters and motions seeking, among other things: (1) the reappointment of counsel; and (2) reconsideration or relief from the order denying his WIS. STAT. § 974.06

---

[2] In addition, Pugh requested postconviction discovery regarding considerations provided by the State to its witnesses.

motion. Following a hearing, the circuit court issued a written order denying the motions for the appointment of counsel and relief from the § 974.06 order. Pugh now appeals both the § 974.06 order and the order denying relief from that order and the appointment of counsel.[3]

## DISCUSSION

¶6　Pugh first contends the circuit court erred in refusing to "exercise discretion" by addressing the merits of the claims he raised in his WIS. STAT. § 974.06 motion, either in the first instance or upon reconsideration. In the alternative, Pugh asks this court to exercise its own discretionary reversal power under WIS. STAT. § 752.35 to grant a new trial on the grounds that the real controversy has never been tried. Finally, Pugh contends the circuit court erred in refusing to appoint counsel on his behalf after his privately retained counsel was permitted to withdraw following the writ proceeding.

¶7　No claim that could have been raised in a previously filed postconviction motion or direct appeal can be the basis for a subsequent WIS. STAT. § 974.06 motion unless the court finds there was sufficient reason for failing to raise the claim in the earlier proceeding. Sec. 974.06(4); *State v. Escalona-Naranjo*, 185 Wis. 2d 168 185, 517 N.W.2d 157 (1994). Whether a defendant is procedurally barred from filing a successive postconviction motion is a question of law subject to de novo review. *State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

---

[3] These appeals were consolidated on our own motion on July 17, 2019.

4

¶8      Here, Pugh asserted ineffective assistance of counsel as the reason for why he did not raise the issues identified in his WIS. STAT. § 974.06 motion on his direct appeal.    However, this court explicitly rejected Pugh's ineffective assistance of counsel claims in his writ petition when we determined that Pugh could not demonstrate prejudice from the alleged errors due to the overwhelming evidence of guilt presented at trial.[4]   The circuit court was bound by this court's decision.   It follows that Pugh could not establish a sufficient reason for why he did not raise the issues earlier.   Therefore, the issues Pugh raised in his § 974.06 motion were barred under *Escalona*.    Although the circuit court may have employed the wrong language when describing the issues in the § 974.06 motion as "moot," the court nonetheless acted properly in denying the motion without addressing the merits of the issues because the issues were, in fact, procedurally barred.

¶9      The circuit court also properly denied Pugh's subsequent motion for reconsideration or relief from the order denying his WIS. STAT. § 974.06 motion.[5] Contrary to Pugh's assertions, the circuit court's refusal to address the merits of the issues in the § 974.06 motion was not a question of comity or of either the circuit court's or this court's jurisdiction.   Rather, as we have explained, those

_____

[4] Pugh also asserts that this court erred in denying his writ petition without remanding for factual finding.  However, the proper mechanism for challenging this court's decision on the writ petition would have been by an appeal of that decision to the Wisconsin Supreme Court, not by a subsequent motion to the circuit court, which has no supervisory authority over this court.  In any event, we stand by our prior order.

[5] Pugh cites WIS. STAT. § 806.07 in support of his request for relief from the order denying his WIS. STAT. § 974.06 motion.  The State points out that § 806.07 applies only to civil judgments, not criminal ones. *State ex rel. Lewandowski v. Callaway*, 118 Wis. 2d 165, 172, 346 N.W.2d 457 (1984).  Given Pugh's pro se status, we will disregard the label on his motion for relief, and treat it as one for reconsideration.

issues were procedurally barred by Pugh's failure to include them with the other issues raised in his direct appeal. In addition, Pugh's attempt in his postconviction motion to recast the issues as claims based upon newly discovered evidence fails because—absent any showing that the information would have affected the trial— the information did not satisfy the materiality criteria for newly discovered evidence. *See State v. McCallum*, 208 Wis. 2d 463, 473-74, 561 N.W.2d 707 (1997).

¶10 In the alternative, Pugh asks us to exercise our discretionary reversal power under WIS. STAT. § 752.35 and grant him a new trial on the grounds that the real controversy has never been tried. Section 752.35 allows this court to reverse a judgment entered by the circuit court "if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried." In order to establish that the real controversy has not been fully tried, a party must show "that the jury was precluded from considering important testimony that bore on an important issue or that certain evidence which was improperly received clouded a crucial issue in the case." *State v. Darcy N.K.*, 218 Wis. 2d 640, 667, 581 N.W.2d 567 (Ct. App. 1998) (internal citation omitted). To establish a miscarriage of justice, there must be "a substantial degree of probability that a new trial would produce a different result." *Id.* In either case, however, we will exercise our discretionary reversal power only sparingly. *Vollmer v. Luety*, 156 Wis. 2d 1, 11, 456 N.W.2d 797 (1990).

¶11 Here, again, we have already determined the alleged discovery violations and claims of error by trial counsel that Pugh now seeks to raise would not have affected the outcome of the trial. We are satisfied that the real

6

controversy was tried and that no miscarriage of justice occurred. Therefore, we decline to exercise our discretionary reversal power.

¶12   As to the appointment of counsel, the circuit court properly exercised its discretion by taking into account both the lack of merit in continuing to litigate the matter following the writ proceeding, and Pugh's access to family members who had been willing to pay for an attorney to represent him on the WIS. STAT. § 974.06 motion.   As Pugh acknowledges, he did not have any constitutional right to counsel following the completion of his direct appeal. *See State ex rel. Warren v. Schwarz*, 219 Wis. 2d 615, 648, 579 N.W.2d 698 (1998) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

> *By the Court.*—Orders affirmed.

This opinion will not be published.   *See* WIS. STAT. RULE 809.23(1)(b)5.